IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| | ) CIVIL ACTION NO. |
| v. | ) ) |
| WORLD KITCHEN, INC. a subsidiary of WKI Holding Company, | ) ) COMPLAINT ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and

to  provide appropriate relief to Brenda Adkins, Ruthann Geer-Lloyd, Victoria Freeman and

other female employees who were adversely affected by such practices. The Commission alleges

that General Merchandise Manager Adkins, Sales and Operations Manager Geer-Lloyd, and

Human Resources Manager Freeman were paid lower salaries than male managers and were

selected for permanent layoff without warning in March 2002,despite established records of

positive achievement for Defendant. The Commission further contends that no male managers

were laid off at that time, and that Ms. Adkins and Ms. Geer-Lloyd were replaced by recently hired male employees who were paid significantly higher salaries. As a result of the sudden termination of their careers with Defendant, the female managers lost substantial wages and benefits and suffered serious emotional harm.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.                        PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f) (1) and (3).

4.    At all relevant times, Defendant, World Kitchen, Inc., a subsidiary of WKI Holding Company ("World Kitchen") has continuously been and is now a Delaware corporation doing business in the State of Pennsylvania, and the City of Chambersburg and/or the City of Greencastle, and has continuously had at least fifteen (15) employees.

5.    At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Brenda Adkins and Ruthann Geer-Lloyd filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least 1998, Defendant Employer has engaged unlawful employment practices at its Chambersburg, Pennsylvania facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. § 2000e-2(a) (1) , by paying female employees lower salaries than those paid to similarly-situated male employees and by selecting female managers for permanent layoff due to their gender in March 2002. The unlawful employment practices included the following:

(a)     Since at least 1998, female managers were paid lower salaries than male managers, a fact made known to Defendant's supervisors and human resources management by Brenda Adkins as early as 1998.

(b)     In 1999, Ms. Adkins became more vocal in her complaints, after she was promoted to the position of General Merchandising Manager and learned that her predecessor in the position, a male, had been paid a substantially higher salary. Starting in 1999, Ms. Geer-Lloyd also complained to management about the gender-based salary disparities.

(c)     In the summer of 2001, a Compensation Redesign Study was conducted by the company and Supervisor Ray Kulla admitted to Ms. Geer-Lloyd that the salaries of female managers were not "where they should be." The study revealed that the female managers were paid less than the 50th percentile for their positions in the industry. Some adjustments were made to the salaries of Ms. Adkins and Ms. Geer-Lloyd, but the male managers were still paid more.

(d)     For performance in the year 2001, Ms. Adkins was praised by her supervisor and

told that her performance was "on target" and Ms. Geer-Lloyd was also commended for meeting all of her objectives. The last documented performance review for Ms. Freeman was for the year 2000, and she was given very high ratings. In 2001, all three female managers received Division Cash Awards and Stock Options which were only presented to the top performers in the company.

(e)     Don Voorhees, Defendant's 2001-2002 General Manager for the Chambersburg location, admitted that all three female managers performed very well in their positions.

(f)     In or about January 2002, Defendant hired Alan Coviello as President of the Retail Division and supervisor to Ms. Adkins , Ms. Geer-Lloyd, and Ms. Freedman. Shortly thereafter, Coviello hired three male managers at higher salaries than the female managers were paid.

(g)     Coviello conducted meetings with the Chambersburg employees and mockingly stated on several occasions when the attendees were predominately female: "If any of you girls have to go home and cook dinner, let me know."

(h)     On or about March 28, 2002, Coviello informed all Ms. Adkins, Ms. Geer-Lloyd and Ms. Freedman that they were all permanently laid off, effective the very next day. Although he contended that these female managers had performance problems, no such problems were ever conveyed to them prior to March 28, 2002.

(i)     Coviello told the female managers that their positions were eliminated, however the duties of Ms. Adkins and Ms. Geer-Lloyd were taken over by male managers earning higher salaries. No male managers were laid off at the time that Ms. Adkins, Ms. Geer-Lloyd and Ms. Freedman lost their positions with Defendant.

(j)     Former Controller John Norris admitted that General Manager Don Voorhees never found fault with the performance of the female managers in 2001-2002. Norris confirmed that

he could see no difference in job duties performed by Ms. Geer-Lloyd and those of her male

replacement, despite the fact that the position was given a different name, and he stated that Ms.

Adkins could easily have continued working for Defendant and performing her duties well after

March 29, 2002.

8.     The effect of the practices complained of in paragraph 7, above, has been to

deprive Ms. Adkins, Ms. Geer-Lloyd, Ms. Freedman, and a class of female employees of equal

employment opportunities and otherwise adversely affect their status as an employees because

of their gender.

9.     The unlawful employment practices complained of in paragraph 7 were

intentional.

10.    The unlawful employment practices complained of in paragraph 7 were done with

malice or with reckless indifference to the federally protected rights of Ms. Adkins, Ms. Geer-

Lloyd, Ms. Freedman, and a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining   Defendant Employer, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in

job layoff, wage discrimination, and any other employment practice which discriminates on the

basis of sex.

B.     Order Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities for employees regardless of sex,and

which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Brenda Adkins, Ruthann Geer-Lloyd,

other female managers, and a class of female employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement or front pay.

D.     Order Defendant Employer to make whole Brenda Adkins, Ruthann Geer-Lloyd, other female mangers, and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to out-of-pocket losses in amounts to be determined at trial and severance pay.

E.     Order Defendant Employer to make Brenda Adkins, Ruthann Geer-Lloyd, other female managers, and a class of female employees whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, including pain and suffering, humiliation, anxiety, depression, trauma, and loss of life's pleasures, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Brenda Adkins, Ruthann Geer-Lloyd, other female mangers, and a class of female employees punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C.  20507

JACQUELINE H. MCNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory Trial Attorney

CYNTHIA A. LOCKE
Trial Attorney
EEOC
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2683
Pennsylvania ID No. 37637