# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | : | **CIVIL ACTION NO. 1:05-CV-1970** |
| **OPPORTUNITY COMMISSION**, et al., | : | |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WORLD KITCHEN, INC.** and | : | |
| **ALLAN COVIELLO**, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 2nd day of June, 2006, upon consideration of the motion to dismiss or, alternatively, for summary judgment (Doc. 3), filed by defendant World Kitchen, Inc. ("World Kitchen"), arguing that the court lacks jurisdiction or that summary judgment is appropriate because plaintiff Equal Employment Opportunity Commission ("EEOC") failed to conciliate in good faith before commencing the instant action, see 42 U.S.C. § 2000e-5(b) (providing that the EEOC "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion"), and the court finding that the EEOC's initial attempt to conciliate was sufficient to meet

jurisdictional requirements,[1] see EEOC v. Hugin Sweda, Inc., 750 F. Supp. 165, 167-68 (D.N.J. 1990) (finding the EEOC's initial conciliation efforts sufficient for jurisdictional purposes when the EEOC sent letters of violation, spoke to the defendant's counsel only twice, and failed to reschedule a conciliation conference); see also EEOC v. Sears, Roebuck & Co.., 391 F. Supp. 2d 317, 320 (D.N.J. 2005) (setting forth the standard for determining the adequacy of an attempted conciliation), but that the EEOC prematurely ended the conciliation process due to

---

[1] By September 13, 2005, World Kitchen had received the EEOC's determination letters and proposed conciliation agreement, which requested a response within three days. (Doc. 4, Ex. A ¶¶ 2, 6.) In response to the proposed conciliation agreement, World Kitchen sent the EEOC questions regarding its terms. (Doc. 4, Ex. B ¶ 2.) On September 21, 2005, the EEOC investigator transmitted, via facsimile, a supplement to the original conciliation agreement with answers to World Kitchen's questions. The EEOC investigator requested a response within two days. (Doc. 14, Danese Aff. ¶ 9, Doc. 14, Ex. 5.) World Kitchen never received the fax because the EEOC investigator erred on the last digit of the fax number. (Doc. 14, Danese Aff. ¶ 13.) Unaware of his mistake, when the EEOC investigator did not receive a response after six days, he forwarded the file to management and the EEOC subsequently issued the notice of conciliation failure. (Doc. 14, Danese Aff. ¶ 11-12; Doc. 14, Ex. 6.)

World Kitchen argues that the EEOC did not conciliate in good faith because of the limited time given for its response to the conciliation agreements and the EEOC's failure to inquire about the lack of response to the supplemental conciliation agreement. The court is unpersuaded. Although the EEOC's requested response times were minimal, the EEOC demonstrated a willingness to extend the deadlines and there is no indication that it would not have done so if World Kitchen had so requested with the supplemental conciliation agreement. The EEOC's mistaken belief that conciliation failed does not demonstrate a lack of good faith; however, it resulted in the premature end to EEOC's conciliation efforts. See infra note 2.

an inadvertent error,[2] see Hugin Sweda, Inc., 750 F. Supp. at 168 ("Rather than dismiss the case, if a court finds that further conciliation efforts are required, the proper course is to stay proceedings until such informal proceedings can be concluded."), it is hereby ORDERED that:

1. The motion to dismiss or, alternatively, for summary judgment (Doc. 3) is DENIED.

2. The proceedings in the above-captioned case are STAYED to provide the opportunity for a renewed conciliation attempt.

3. The parties shall file a joint status report concerning the progress of the attempted conciliation on August 4, 2006 or upon the conclusion of the attempted conciliation, whichever first occurs.

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Although the EEOC's initial effort at conciliation was sufficient for jurisdictional purposes, the court finds that further conciliation is required for the EEOC to fulfill its statutory duty. See Hugin Sweda, Inc., 750 F. Supp. at 168 (finding that further conciliation was required with respect to the charges and the class action); id. ("[S]ummary judgment is far too harsh a sanction to impose on the EEOC even if the court should ultimately find that conciliation efforts were prematurely aborted."); see also id. (advising that "a conciliation conference is likely to provide the defendant with an adequate opportunity to respond to the charges and negotiate a settlement").